LAW OFFICES OF ROBIN D. PERRY & ASSOCIATES
ROBIN D. PERRY, ESQ. (BAR. NO. 181686)
400 OCEANGATE, SUITE 700
LONG BEACH, CALIFORNIA 90802-4529
TELEPHONE: (562) 216-2944
FACSIMILE: (562) 216-2945
E-Mail: Robin@lordp.net

Attorneys for Plaintiffs, SITHA THACH AND MEINCHANNY MEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SITHA THACH AND MEINCHANNY MEM, SUCCESSORS IN INTEREST TO STEVEN THACH<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, SHERIFF JIM MCDONALD, SHERIFF ALEX VILLANUEVA, COUNTY OF LOS ANGELES DEPARTMENT OF MENTAL HEALTH DIRECTOR JONATHAN E. SHERIN, M.D. Ph.D, CURLEY BONDS, M.D., GUL M. EBRAHIM, M.D. AND DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. §1983, WRONGFUL DEATH;**<br>2. **DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. §1983, *MONELL* VIOLATIONS.**<br>3. **DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. §1983, SUPERVISORY LIABILITY;**<br>4. **NEGLIGENCE;**<br>5. **VIOLATION OF GOVERNMENT CODE §845.6- FAILURE TO PROVIDE IMMEDIATE MEDICAL CARE**<br>6. **VIOLATION OF THE ADA, 42 U.S.C. §12101, AND CALIFORNIA UNRUH ACT, CIVIL CODE §51**<br><br>**DEMAND FOR JURY TRIAL** |

## I.  **JURISDICTION AND VENUE**

This action is brought by Plaintiffs SITHA THACH AND MEINCHANNY MEM, as SUCCESSORS IN INTEREST TO STEVEN THACH pursuant to 42 U.S.C. §1983.

1. This Court had jurisdiction under 28 U.S.C. §1342(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. §1983, and under 28 U.S.C. §1331.

2. The acts and omissions complained of commenced on December 29, 2017 and continued until March 26, 2018, within the Central District of California. Therefore, venue lies in this District pursuant to 28 U.S.C. §1391.

3. Plaintiffs timely filed an administrative claim with the County of Los Angeles pursuant to Cal. Gov't Code §910. The claim was denied on September 12, 2018.

## II. **PARTIES**

4. Plaintiffs SITHA THACH AND MEINCHANNY MEM, SUCCESSORS IN INTEREST TO STEVEN THACH are the parents and an heirs at law of Steven Thach, the deceased. Plaintiffs are residents of the State of California and resided within the jurisdiction of the State of California at all times herein alleged. They bring this claim for themselves personally, as Steven Thach's successors in interest and heirs, as personal representatives of the estate, and, as applicable, pursuant to California Code of Civil Procedure §§377.30 and 377.60.

5. Defendant COUNTY OF LOS ANGELES, is, and at all times herein alleged was, a public entity organized and existing under the laws of the State of California. The Los Angeles County Sheriff's Department, and the Los Angles County Department of Mental Health are, and at all times herein alleged were, agencies of the County of Los Angeles.

6. Defendant SHERIFF JIM MCDONNELL was, until December 2, 2018, the Sheriff for Los Angeles County and in charge of the Los Angeles County Jail, where Steven Thach

resided at the time of this death. SHERIFF MCDONNELL was Sheriff of Los Angeles County since 2014 until the end of December 2, 2018. By California law, the Sheriff is answerable for the safekeeping of inmates in his custody. (Cal. Gov't Code §§26605, 26610; Cal. Pen. Code §4006.) SHERIFF MCDONNELL was responsible for the management and control of all Los Angeles County Jails, was responsible for the administration of the Twin Towers Correctional Facility ("TTCF"), for the selection, promotion, supervision, training, discipline and retention of agents and employees working within the TTCF, including custodial staff, counselors, advisors, nurses, doctors, physician assistants, medical staff, mental health staff, education staff, and supervisors; and for the implementation of policies and procedures at TTCF. He was responsible for the care, custody, and control of all inmates housed in TTCF. SHERIFF MCDONNELL was regularly provided with reports concerning the treatment of mentally ill inmates, improper classification of inmates in the jails, jail suicides, and other violations involving the housing, care, mental health care, and treatment of inmates at TTCF. Pursuant to California law and his duties as the Sheriff of Los Angeles County, SHERIFF MCDONNELL is sued in his individual capacity, as a supervisor for his own culpable action or inaction in the training, supervision or control of his subordinates, or his acquiescence in the constitutional deprivations which this Complaint alleges, or for conduct that showed reckless or callous indifference for others. SHERIFF MCDONNELL'S affirmative conduct involves his knowing failure to ensure enforcement of policies, rules or directives that set in motion a series of acts by others which he knew or reasonably should have known would cause others to inflict a constitutional injury on Steven Thach.

7.   Defendant SHERIFF ALEX VILLANUEVA is, as of December 3, 2018, the Sheriff for Los Angeles County and in charge of the Los Angeles County Jail.

8.   Defendant Jonathan E. Sherin, M.D. Ph.D, was at all times mentioned herein the Director of Los Angeles County Department of Mental Health and in charge of Jail Mental Health operation in Los Angeles County, where Steven Thach resided at the time of his death. Dr. Sherin was responsible for the management and administration of mental health services; for the selection, promotion, supervision, training, discipline and retention of mental health workers working within the jail, including counselors, nurses, doctors, physician assistants, mental health staff and supervisors; and for the implementation of mental health policies and procedures at the jail. Dr. Sherin was regularly provided with reports concerning the treatment of mentally ill inmates, jail suicides, and other violations involving the mental health care and treatment of inmates at the jail. Pursuant to California law and his duties as the Director of the Department of Mental Health of Los Angeles County, Dr. Sherin is sued in his individual capacity, as supervisor for his own culpable action or inaction in the training, supervision or control of his subordinates, or his acquiescence in the constitutional deprivations which this Complaint alleges, or for conduct that showed reckless or callous indifference for others. Dr. Sherwin's affirmative conduct involved his knowing failure to ensure enforcement of policies, rules or directives that set in motion a series of acts by others which he knew or reasonably should have known would cause others to inflict a constitutional injury on Steven Thach.

9.   Defendant Curley Bonds, M.D. was at all times mentioned herein the Chief  Deputy Director of the Los Angeles County Department of Mental Health and in charge of the Clinical Operation. Dr. Bonds was responsible for the management and administration of mental health services in the Los Angeles County Jail system, including TTCF, the facility where Steven Thach resided at the time of his death; for the selection, promotion, supervision, training, discipline and retention of mental health workers working within

the TTCF, including counselors, nurses, doctors, physician assistants, mental health staff and supervisors; and for the implementation of mental health policies and procedures at TTCF. Dr. Bonds was regularly provided with reports concerning the treatment of mentally ill inmates, jail suicides, and other violations involving the mental health care and treatment of inmates in the Los Angeles County jail system. Pursuant to California law and his duties as the Deputy Director of the Department of Mental Health of Los Angeles County, Dr. Bonds is sued in his individual capacity, as supervisor for his own culpable action or inaction in the training, supervision or control of his subordinates, or his acquiescence in the constitutional deprivations which this Complaint alleges, or for conduct that showed reckless or callous indifference for others. Dr. Bonds affirmative conduct involved his knowing failure to ensure enforcement of policies, rules or directives that set in motion a series of acts by others which he knew or reasonably should have known would cause others to inflict a constitutional injury on Steven Thach.

10. Defendant Dr. Gul M. Ebrahim, was at all times mentioned herein a treating psychiatrist for Steven Thach in the Los Angeles County Jails and responsible for providing competent mental health and medical care, treatment and follow-up care to Mr. Thach. Dr. Ebrahim is sued in his individual capacity.

11. Plaintiffs are informed and believe and thereon allege that Defendants sued herein as DOES 1 through 10, inclusive, were employees of the County of Los Angeles, including but not limited to deputies and civilian staff of the Los Angeles County Sheriff's Department, employees of the Department of Mental Health, and employees of the Medical Services Bureau, and were at all relevant times acting in the course and scope of their employment and agency. Each Defendant in the agent of the other. Plaintiffs allege that each of the Defendants named as a "DOE" was in some manner responsible for the

acts and omissions alleged herein, and Plaintiffs will ask leave of this Court to amend the Complaint to allege such names and responsibility when that information is ascertained.

## III. GENERAL ALLEGATIONS

12.  Plaintiffs are informed and believe, and thereon allege, that, at all times herein mentioned, each of the Defendants was the agent and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy, and with the permission and consent of other co-Defendants.

13. Each paragraph of this complaint is expressly incorporated into each cause of action which is part of this complaint.

14. The acts and omissions of all Defendants were engaged in maliciously, callously, oppressively, wantonly, recklessly, and with deliberate indifference to the rights of Plaintiff.

## IV. FACTUAL ALLEGATIONS

15. On March 26, 2018, inmate, Steven Thach ("Thach") committed suicide inside the Men's Central Jail. Mr. Thach attempted a previous suicide in Los Angeles County Jail in or around September 13, 2017.    The Los Angeles County Jail acted with deliberate indifference to Steven Thach's reasonable security in that it

*      ignored and/or failed to reasonably monitor or provide security for Mr. Thach;

*      failed to prevent Mr. Thach from committing harm to himself;

*      failed to seek immediately indicated access to mental and medical care for Mr. Thach; and

*      ignored his serious but treatable mental health condition.

16. In or around September 9, 2017, the Long Beach Police Department arrested Mr. Thach for violation of a restraining order. At the time of the arrest, Mr. Thach told the Long Beach Police Department that he suffered from schizophrenia and other unspecified psychological problems.

17. On September 13, 2017, Mr. Thach tried to hang himself in the Los Angeles County Jail Inmate Reception Center.  Thereafter, medical personnel gave him a suicide gown and placed him on suicide precaution with observation every 15 minutes.  Medical personnel described Mr. Thach's behavior as bizarre and self-harming.  Mr. Thach remained on suicide watch through October 2017.  Mr. Thach was ultimately released from custody on October 30, 2017. Prior to his release jail doctor's commented on Mr. Thach's "grossly psychotic state and manic behavior."

18. Mr. Thach was rearrested on December 10, 2017 for false imprisonment and vandalism. According to the police report, Mr. Thach was holding a knife and a stick and threatening to rape persons inside of a sober living facility.  The SWAT team was deployed and Mr. Thach was ultimately taken into custody.  Police inspected Mr. Thach's room and found that Mr. Thach had torn the walls down in his room.  Police questioned Mr. Thach about the damage and Mr. Thach responded that he believed he needed to tear down the walls in order to make repairs to the location.  Mr. Thach told police that he had mental health issues.  It was noted that Mr. Thach was withdrawn and had a blank stare.

19. Defendants, Dr. Gul Ebrahim examined Mr. Thach on December 16, 2017.  Dr. Ebrahim noted that Mr. Thach was talking to himself, had a flat affect, and minimum eye contact. Dr. Ebrahim diagnosed Mr. Thach with schizophrenia and noted that Mr. Thach had been

hospitalized multiple times for mental health issues.  Dr. Ebrahim noted bizarre and uncooperative behaviors.

20. It does not appear that Dr. Ebrahim knew, appreciated or gave appropriate consideration to the fact that Mr. Thach had attempted a suicide in the jail three months earlier.  Indeed, no Sheriff department official appeared to appreciate Mr. Thach serious mental health history.

21. By January 12, 2018, Mr. Thach was moved to a single private room.  By January 12, 2018, the jail discontinued all suicide monitoring despite Mr. Thach's documented history of suicidal and self-harming conduct.

22. By January 17, 2018, a medical doctor noted that Mr. Thach was depressed.  By January 20, 2018, Mr. Thach requested mental health treatment.  Mr. Thach again asked to see a mental health professional on January 23, 2018.  Mr. Thach was not seen by a mental health professional until February 1, 2018 and even then he only was able to see a psychiatric social worker.  Mr. Thach told the social worker that his medication was not effective.  The social worker only referred Mr. Thach for the psych-line for routine follow-up.

23. At the psych line, Mr. Thach finally had an opportunity for a brief psychiatric assessment on February 9, 2018.  Mr. Thach again complained about his medication.  The psychiatrist returned him to general housing.

24. Despite his history, Mr. Thach was not observed by psychiatric officials and no suicide precautions were taken.

25. Mr. Thach hung himself with a blanket on March 26, 2018.  At the time he hung himself, he had not seen psychiatrist for nearly 2-months.

26. Los Angeles County jail failed to provide prompt and competent access and delivery of mental health attention and intervention and failed to reasonably monitor Mr. Thach to prevent him from committing harm to himself.  The Los Angeles County Jail and the Department of Mental Health ignored his serious but treatable mental health condition. As a result, Mr. Thach committed suicide.

**THE COUNTY OF LOS ANGELES COUNTY SHERIFF, DEPARTMENT OF MENTAL HEALTH, AND MEDCIAL SERVICES BUREAU'S POLICIES, CUSTOMS AND PRACTICES VIOLATING THE RIGHTS OF PERSONS WITH MENTAL ILLNESS, VIOLATED THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION BY FAILING TO PROVIDE ADEQUATE MENTAL HEALTH SERVVICES AND ADEQUATE PROTECTION TO STEVEN THACH.**

27. On September 5, 1997, the United States Department of Justice ("DOJ") advised Ms. Joanne Sturges, the Los Angeles County Executive, the results of its June 6, 1996 investigation into the mental health conditions of the Los Angeles County Jails pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§1997 *et seq*. The DOJ concluded that "unconstitutional conditions exist at the Los Angeles County Jail, including a deliberate indifference to inmates serious mental health needs." After itemizing multiple unconstitutional conditions pertaining to the treatment of inmates with mental health conditions, the DOJ made Recommended Remedial Measures which specifically focused on suicide prevention, including but not limited to: "recognizing and responding to indication of suicidal thoughts" and "proper suicide observation."

28.   Subsequently, the Los Angeles County and the United States entered into a Memorandum of Agreement Regarding Mental Health Services at the Los Angeles County Jail ("MOA") which was entered into to avoid potential litigation concerning the

mental health services at the jail. Among the provisions in the agreement is the acknowledgment that:

a. the "Sheriff of Los Angeles County, and the Los Angeles County Sheriff's Department of Mental Health are responsible for overseeing and/or providing mental health services to the inmates at the Jail;"

b. the "Mental health staff shall make weekly rounds in locked down non-mental housing modules (e.g. administrative segregation, disciplinary segregation) at the Jail to identify inmates who may have been missed during screening or who have decompensated while in the Jail;"

c. "the County shall provide adequate mental health treatment to all inmates determined to be mentally ill;"

d. "the County shall ensure adequate therapy and counseling for all mentally ill inmates who need such care. This includes adequate space for treatment, adequate staff to provide treatment, and adequate therapeutic programming;"

e. "the County shall ensure that inmates observed to be potentially suicidal receive appropriate crisis intervention, (including placement in a safe setting and evaluation in a timely manner), by qualified mental health professional to determine whether and what level of suicide observation is required;"

f. "the County shall provide sufficient mental health staffing to ensure timely access to adequate mental health treatment and meet the obligations and provide the services listed in this Agreement;"

g. "the County shall implement mandatory orientation and continuing competency bases in-service training for correctional staff in the

identification and custodial care of mentally ill inmates, including, but not limited to: (b) recognizing and responding to indications of suicidal thoughts, (c) proper suicide observation, and (f) response to mental health crises, including suicide intervention . . . the County shall provide annual refresher training;" and,

h. "Staff shall not be permitted to physically, verbally, or mentally abuse inmates with mental illness."

29. The County of Los Angeles has repeatedly been pout of compliance with the 2002 MOA relating to the treatment of the mentally ill. After performing an extensive investigation- reflecting four completed suicides in 2012, ten completed suicides in 2013, and one completed suicide in January, 2014- the Department of Justice found: "Based on our review, we conclude that the County violates the Eighth and Fourteenth Amendments of the United States Constitution by failing to provide adequate mental health services and protect prisoners from serious harm and risk of harm at the Jails due to inadequate suicide prevention practices. Consistent with the practice of our long-standing investigation of the Jails pursuant to the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. §1997, we write to update our conclusions of September 5, 1997 regarding mental health treatment and suicide prevention at the Jails and to discuss the minimum remedial steps necessary to address the identified deficiencies."

30. The Department of Justice concluded that "Los Angeles County, including the Sheriff's Department and the Department of Mental Health, violates prisoners' constitutional right to adequate suicide prevention practices, which is required as part of the Jails' legal obligation to meet the serious mental health care needs for all prisoners' constitutional right to adequate suicide prevention practices, which is required as part of the Jails' legal obligation to meet the serious mental health care needs of all prisoners. These

deficiencies pose a substantial risk of serious harm to prisoners in violation of the Fourteenth Amendment's due process protections for pretrial detainees, as well as the Eighth Amendment's protections for those convicted of a criminal offense."

31.  The June 4, 2014 DOJ letter articulated numerous systemic failures of Defendant COUNTY to maintain constitutionally adequate mental health care which directly applied to the unconstitutional treatment of Steven Thach and his untimely death. These conditions, include, but are not limited to:

    a.  There were inadequate mental health care to prevent prisoners from becoming suicidal, to identify suicidal prisoners, or to prevent prisoners from going into crisis.

    b.  The Los Angeles County Jails do not provide appropriate custodial supervision for prisoners, resulting in repeated lapses in the Jails' safety check, creating a serious risk of harm to prisoners from suicidal behavior;

    c.  The general lack of adequate supervision is especially troubling given the hazardous condition, including known suicide risks that exist in nearly every housing unit in the jails. Prisoners with mental illness are housed in conditions that present, rather than prevent, a risk of suicide. Deputies do not consistently perform timely, thorough safety checks.

    d.  Custody staff of the LASD, the Medical Services Bureau, and the Department of Mental Health had inadequate intake screening and identification of individuals with mental illness and are at risk for suicide, ignoring significant mental health history;

    e.  Incomplete information collection and communication in intake assessments and evaluations: Although LASD conducts screenings to

identify prisoners who may be at risk for suicide or self-harm, screenings are often not filled out completely or adequately incorporated into the prisoner's electronic medical record. As a result, intake screening is insufficient to identify and protect individuals at risk for suicide;

f.  Custody staff of the LASD, the Medical Services Bureau, and the Department of Mental Health often operate in "silos" when addressing suicide incidents and risks, resulting in a lack of communication, or miscommunication between representatives of these entities, causing a critical breakdown in the custody and care of the prisoners in the Jails;

g.  Insufficient mechanisms to ensure that any relevant information regarding a prisoner's medical or mental health status or history (for example, from the arrest report) is communicated to medical and mental health staff for inclusion in the prisoner's electronic medical record;

h.  Despite the onslaught of suicide attempts in the years preceding Steven Thach's death, there was a persistent failure of the Jails' command staff to critically review the policies, staffing and custody practices to the suicides and the suicide attempts that were occurring;

i.  The prevalence of hazardous conditions within the Jails which promote the risk of suicide;

j.  The practice of placing potentially suicidal inmates into single cells by custody staff without consulting prisoner classification or mental health staff;

32. But in addition to listing the persistent flaws in the suicide prevention practices and the treatment of mentally ill inmates in Los Angeles jails, in illustrating the severe failure of

Defendant COUNTY to comply with the 2002 MOA, and its failure to meet the standard of care required by the Eighth and the Fourteenth Amendments of the United States Constitution, the DOJ highlighted specific inmates whose suicides occurred while in custody as examples of Defendant COUNTY'S substandard, unconstitutional treatment of inmates with mental health illness and who were at risk of suicide. The inmates referenced as examples in the June 4, 2014 DOJ letter demonstrated how Defendant COUNTY- specifically its Custody staff of the LASD, the Medical Services Bureau, and the Department of Mental Health- all contributed to the prevalence of inmate suicides in the Los Angeles County Jails facilities from 2012 through 2014.

33. Beyond these flagrant conditions which contributed to Steven Thach's suicide, the June 4, 2014 DOJ letter also emphasized the failure of the COUNTY to critically review an inmate's suicide after it occurred, thereby ratifying the prior unconstitutional conduct and furthering the likelihood of similar misconduct in the future:

> The many errors in the critical incident reviews, errors of both omission and inaccurate recording, create suspicion with regard to their veracity. For example, the final critical incident review for the suicide of Dean is marked by error in facts and appears to be the product of cutting and pasting from another suicide that occurred prior to Dean's death. Inconsistencies and errors in his age, his record of incarceration in the Jails, and in the dates of critical incident review meetings make the entire review document questionable. Apparently none of these errors were noted by members of the review committee, as they remained in the critical incident review three months after Dean's death.

34. The actions and inactions of LASD, the Department of Mental Health and Medical Services Bureau set forth in the processing paragraphs were known or should have been

known to the policy makers responsible for the Defendant COUNTY and occurred with deliberate indifference to either the recurring constitutional violations elaborated able, and/or to the strong likelihood that constitutional rights would be violated as a result of failing to train, supervise or discipline in areas where the need for such training was obvious.

35. The actions and omissions of Defendant COUNTY and its Sheriff's Department, Department of Mental Health, and Medical Services Bureau set forth in the preceding three paragraphs were a motivating force behind the violations of Steven Thach's constitutional rights as set forth in this complaint.

36. On August 5, 2015, Defendant COUNTY and the United States Department of Justice entered a settlement agreement concerning the provision of mental health care at the Los Angeles County Jail. The Settlement Agreement was specifically intended to ensure measures to protect prisoners from conditions that "place them at unreasonable risk of harm from suicide, self-injurious behavior, or unlawful injury by others, in accordance with their constitutional rights."

**V.** The settlement agreement required, *inter alia*, that the COUNTY and LASD commence a systemic review of all prisoner housing, beginning with FIP, HOH, Moderate Observation and single- person discipline cells, to identify and address suicide hazards, using a nationally-recognized audit tool for review.

## VI. PARTICIPATION, STATE OF MIND AND DAMAGES

37. All Defendants acted without authorization of law.

38. Each Defendant participated in the violations alleged herein, or directed the violations alleged herein, or know of the violations alleged herein and failed to act to prevent them. Each Defendant ratified, approved or acquiesced in violations alleged herein.

39. As joint actors with joint obligations, each Defendant was and is responsible for the failures and omissions of the other.

40. Each Defendant acted individually and in concert with the other Defendants and others not named in violating Plaintiff's rights.

41. Each Defendant acted with a deliberate indifference to or, reckless disregard for, an accused's rights for adequate mental health care in a custodial facility.

42. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of Defendants, Mr. Thach suffered great fear, physical and mental suffering, anguish, confusion, anxiety, nervousness, and ultimately loss of life during the time period in which LASD, Department of Mental Health and Medical Services Bureau failed to provide appropriate psychiatric care and treatment for his urgent psychiatric condition, and in particular, suffered acute and unmitigated mental and physical suffering during the hours preceding his suicide on March 26, 2018.

43. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the Defendants, Plaintiffs have suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiffs to sustain damages in a sum to be determined at trial.

44. Due to the acts of the Defendants, Plaintiffs have suffered, and continue to suffer, and are likely to suffer in the future, extreme and severe mental anguish as a well as mental and physical pain and injury. For such injury, Plaintiffs will incur significant damages based on psychological and medical care.

45. As a further result of the conduct of each of these Defendants, Plaintiffs have been deprived of familial relationships, including the loss of their son, Steven Thach, and the emotional impact on their family unit as a whole.

46. The aforementioned acts of the Defendants, and each of them, was willful, wanton, malicious, oppressive, in bad faith and done with reckless disregard or with deliberate indifference to the constitutional rights of Plaintiffs, entitling Plaintiffs to exemplary and punitive damages from each defendant other than Defendant COUNTY in an amount to be proven at the trial of this matter.

47. By reason of the above described acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute and prosecute the within action, and to render legal assistance to Plaintiffs that they might vindicate the loss and impairment of his rights, and by reason thereof. Plaintiffs request payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. §1988, California Code of Civil Procedure §1021.5 and any other applicable provision of law.

## FIRST CLAIM OF RELIEF

### DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. §1983

### DELIBERATE INDIFFERENCE TO

### SERIOUS MEDICAL NEEDS AND SAFETY

### (Against All Defendants and Does 1-10, Except Defendant COUNTY)

48. Plaintiffs reallege paragraphs 1 through 47, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

49. Plaintiffs are informed and believe, and based on such information and belief, allege that Defendants acted with deliberate indifference for Steven Thach's serious medical needs and safety, in that they failed to provide adequate psychiatric assessment, treatment and intervention; inappropriately assigned Mr. Thach to single private room housing despite clear indications that he required more intensive treatment and supervision; ignored and/or failed to reasonably monitor, to provide security, and to prevent Steven Thach from committing harm to himself; failed to provide medically- indicated psychiatric care

and assessment; and ignored his serious but treatable mental health condition. Due to Defendants' deliberate indifference to the serious nature an life threatening condition of Steven Thach, and their failure to timely intervene to provide reasonable security, monitoring, and safety, and psychiatric medical intervention necessary to prevent his efforts to harm himself, Steven Thach suffered preventable serious injury and harm by hanging himself.

50.  Steven Thach was subjected to deprivation of rights by these Defendants and DOES 1 through 10, and each of them, acting under color of law and of statutes, ordinances, regulations, customs and usages of the Law of United States, State of California, which rights included, but are not limited to, privileges and immunities secured to Steven Thach by the Fourteenth o Eighth Amendments to the United Stated Constitution and laws of the United States, and particularly: a) his right to access to mental health and medical care and treatment for his serious but treatable condition; b) his right to adequate, reasonable security, monitoring, supervision, classification and housing for his mental health and medical disabilities, each of which was also a case of his serious injury and harm.

51. Plaintiffs allege that these Defendants' wrongful conduct legally caused a deprivation of their constitutionally protected liberty interest in familial companionship, love and society of their son, all to his damage in an amount to be proven at trial according to proof.

### SECOND CLAIM FOR RELIEF

### DEPRIVATION OF CIVIL RIGHTS -- 42 U.S.C. §1983

### (Against Defendant COUNTY) – MONELL VIOLATIONS

52. Plaintiffs reallege paragraphs 1 through 51 as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

53. Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, Defendants COUNTY OF LOS ANGELES, with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of Steven Thach, engaged in the unconstitutional conduct and omissions as is specifically elaborated in Paragraph 17-52 et seq. above.

54. Plaintiffs are informed and believe, and thereon allege, that, at all times herein mentioned, Defendant COUNTY OF LOS ANGELES, Los Angeles Sheriff's Department, and DMH, with deliberate indifference, and/or conscious or reckless disregard to the safety and constitutional rights of Steven Thach, and other inmates with severe mental health conditions, maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied the policies, practices, and customs set forth in Section IV, C, above, including, but not limited to: failure to provide adequate mental health services; failure to mitigate or eliminate known environmental, suicide hazards prevalent throughout jail housing areas, including housing areas to which inmates with serious mental illness are assigned; failure to provide appropriate custodial supervision of inmates with mental health conditions - despite known suicide hazards; failure to ensure that mental health housing and treatment spaces meet minimum safety design standards for facilities in which person with serious mental illness are held; failure to ensure sufficient treatment space and staffing necessary to provide adequate mental health care; inadequate intake screening and assessment for housing placement; inadequate monitoring and assessment of inmates' mental health conditions; insufficient mechanisms to ensure communication of relevant information between custodial, medical and mental health staff; failure to ensure appropriate suicide intervention measures; and failure to ensure adequate training of correctional staff in suicide prevention and responding to mental health care crises.

55. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, individual Defendants; wrongful conduct was the result of policies, practices and customs to subject inmates of the Los Angeles County Jails to unconstitutionally inadequate treatment for inmates with mental health conditions; permit and promote unsafe conditions for inmates leading to a heightened risk of suicide; and cover-up incidents of unconstitutional behavior by members of its LASD custody staff, Medical Services Bureau and Department of Mental Health.

56. At all times herein mentioned, the County of Los Angeles and its Sheriff's Department, the Medical Health authorized and ratified the wrongful acts of the individual Defendants. The actions and inactions of the LASD including it custody staff, the Medial Services Bureau, and the Department of Mental Health set forth in paragraph 17-55, et seq. were known or should have ben known to the policy makers responsible for Los Angeles COUNTY, and occurred with deliberate indifference to either the recurring constitutional violations elaborated above, and/or to the strong likelihood that constitutional rights would be violated as a result of failing to train, supervise or discipline in areas where the need for such training and supervision was obvious.

57. The actions of the LASD including its custody staff, the Medical Services Bureau, and the Department of Mental Health set forth herein were a motivating force behind the violations of Plaintiffs' and Steven Thach's constitutional rights as set forth in this complaint.

58. As a direct and proximate result of Defendant COUNTY OF LOS ANGELES' policies, practices, and customs, Plaintiffs sustained injury and damage as proved.

59. As a result of Defendants', and each of their, violations of Plaintiffs' and Steven Thach's constitutional rights as set forth herein, Plaintiffs were damaged as alleged above.

**THIRD CLAIM OF RELIEF**

**DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. §1983**

**FAILURE TO SUPERVISE, TRAIN AND TAKE CORRECTIVE**

**MEASURE CAUSING CONSTITUTIONAL VIOLATIONS**

**(Against Supervisory Defendants and DOES 1-10 Except Defendant COUNTY)**

60. Plaintiffs reallege paragraphs 1 through 59, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

61. Plaintiffs are informed and believe and thereon allege that Defendants SHERIFF JIM MCDONALD, SHERIFF ALEX VILLANUEVA,  JONATHAN E. SHERIN, M.D. Ph.D, CURLEY BONDS, M.D., GUL M. EBRAHIM, M.D., and DOES 1-10 knew, or in the exercise of reasonable care, should have known a history and propensity and pattern at the time of this incident for employees of the Los Angeles County Jail to fail to provide reasonable security, monitoring and supervision of inmates such as Steven Thach; to fail to comply in implementing policies and procedures or ensuring the enforcement thereof; to fail to train and ensure that deputies, employees and medical care providers provide reasonable security and monitoring of inmates, such as Steven Thach; and that they provide prompt and competent access and delivery of mental health attention and intervention when inmates, such a Steven Thach, were having a mental health crisis requiring prompt intervention. Defendants' disregard of this knowledge or failure to adequately investigate and discover and correct such acts or failures to act was a moving force which caused the violation of Plaintiffs' constitutional rights.

62. Plaintiffs are informed and believe and thereon allege that prior to the incident alleged herein, Defendants SHERIFF JIM MCDONALD, SHERIFF ALEX VILLANUEVA, JONATHAN E. SHERIN, M.D. Ph.D, CURLEY BONDS, M.D., GUL M. EBRAHIM, M.D. and DOES 1-10, acting under the color of their authority as supervisory officers of

deputies, counselors, physicians, nurses, staff and all mental health and medical care providers, and in the course and scope of their employment as such, committed similar acts of:

    a.  Failure to provide access to and delivery of mental health and medical care and treatment for inmates at Los Angeles County with known mental disabilities;

    b.  Failure to provide adequate housing and properly classify inmates in the Los Angeles County Jails so that they would have access to and delivery of indicated mental health and medical care;

    c.  Failure to provide adequate and reasonable monitoring and housing for inmates that present a risk of suicide to prevent mental health disasters such as attempted suicides and suicides;

    d.  Failure to supervise their subordinates to ensure that staff, deputies and employees were implementing and complying with implementing policies and procedures to ensure the reasonable security and safety of inmates;

    e.  Discriminating against inmates with known mental health disabilities by use of a disciplinary system that increases incarceration and imposes punishment for behavior resulting from or caused by their mental health disability.

63. Plaintiffs are further informed and believe and thereon allege that Defendants SHERIFF JIM MCDONALD, SHERIFF ALEX VILLANUEVA,  COUNTY OF LOS ANGELES DEPARTMENT OF MENTAL HEALTH DIRECTOR JONATHAN E. SHERIN, M.D. Ph.D, CURLEY BONDS, M.D., GUL M. EBRAHIM, M.D. and DOES 1-10, knew, or in the exercise of reasonable care should have known, of this pattern or practice of

unconstitutional violations, or the existence of facts which create the potential of unconstitutional acts, and these Defendants and Does 1-10 had a duty to train and instruct their subordinates to prevent similar acts to other inmates, but failed to take steps to properly train, supervise, investigate or instruct deputies, counselors, physicians and nurses, and/or agents or employees, and to retain deputies, counselors, physicians and nurses who had a history of inappropriate conduct, and as a result of Steven Thach was harmed in the manner threatened by the pattern or practice.

64. At all times herein mentioned, and prior hereto, Defendants had the duty to perform the following, and violated that duty:

    a.  To train, supervise, and instruct deputies, counselors, nurses, physician assistants, physicians, and other agents to ensure that they respected and did not violate federal and state constitutional and statutory rights of inmates;

    b.  To objectively investigate incidents of in-custody injury, deaths, suicides and suicide attempts, inadequate classification and contraindicated house, and to take remedial action;

    c.  To provide access to and delivery of mental and medical health care, intervention, treatment, follow-up, and attention to injured, ill or potentially suicidal inmates, the lack of which resulted in serious injury or loss of life, and to provide access and delivery of competent mental and medical health care;

    d.  To periodically monitor an inmate's serious mental health and medical condition and suicide prevention, the lack of which may result in serious injury or loss of life;

e.  To periodically monitor the quality and adequacy of mental health and medical care, attention and treatment provided to mentally ill inmates;

f.  To periodically monitor the competency of medical and custodial staffing to ensure that custodial deputies and staff were complying with reasonable security to inmates with mental health disabilities at Los Angeles County Jails;

g.  To periodically monitor the classification and housing of mentally ill inmates to ensure they have reasonable security and safety and are properly housed, and not housed with or exposed to persons with known dangerous propensities;

h.  To comply with the statutory guidelines and regulations enacted for the protection of inmates held in a custodial setting;

i.  To discipline and to establish procedures to correct past violations, and to prevent future occurrences of violation of constitutional rights of inmates, by not condoning, ratifying, and/or encouraging the violation of Steven Thach's and other inmate's constitutional rights;

j.  To periodically train custodial staff and counselors on understanding, recognizing, reporting, and responding to issues of inmates' mental health care and treatment; and

k.  Not to discriminate against inmates with known mental health disabilities by use of a disciplinary system that increases incarceration and imposes punishment for behavior resulting from or caused by their mental health disability.

65. As a legal result of the conduct of Defendants SHERIFF JIM MCDONALD, SHERIFF ALEX VILLANUEVA,  JONATHAN E. SHERIN, M.D. Ph.D, CURLEY BONDS,

M.D., GUL M. EBRAHIM, M.D. and Does 1-10, as described above, Plaintiffs were damaged as alleged here in and as set forth above.

### FOURTH CLAIM OF RELIEF

### NEGLIGENCE

### (Against All Defendants and DOES 1-10, Except Defendant COUNTY)

66. Plaintiffs reallege paragraphs 1 through 65, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

67. Defendants and DOES 1-10, had a duty to provide reasonable security and render access and delivery of mental and medical care, treatment and/or emergency services to Steven Thach for his mental health condition but breached their duty and were negligent in the performance of their duties and this negligence caused the death of Steven Thach.

68. Defendants and DOE supervisors 1-10, acting within the course and scope of their employment with the LASD, the Department of Mental Health and the Medical Services Bureau had a duty to assure the competence of their employee/agents Defendants and DOES 1-10, but breached their duty and were negligent in the performance of their duties by selecting, hiring, training, reviewing, periodically supervising, failing to supervise, evaluating the competency and retaining their Defendant deputies, counselors, physicians and/or employees and/or agents. This breach of duty of careful selection, hiring, training, review, supervision, periodic evaluation of the competency, and other staff created an unreasonable risk of harm to persons such as Steven Thach.

69. The individually named Defendants breached their duty of care to observe, report, monitor, and provide reasonable security regarding Steven Thach's condition and failed to prevent his suicide.

70. As a direct and legal result of the aforesaid negligence, carelessness and unskillfulness of Defendants, and each of them, and as a result of their breach of duty of care to Steven

Thach, he was injured due to a serious but treatable mental health condition and Plaintiffs have suffered the damages as alleged above.

71.   As a legal result of the aforesaid negligence and unskillfulness of Defendants, Steven Thach's trauma and injuries and/or suicidal ideation condition dud not receive timely, appropriate and indicated intervention and treatment and his condition worsened and resulted in his suicide, and he suffered serious injury and harm as a legal cause of the negligent conduct of Defendants, thereby causing damage as alleged above.

## FIFTH CLAIM FOR RELIEF

### VIOLATION OF CALIFORNIA GOV'T CODE §845.6

### (Against All Defendants Except Defendant COUNTY)

72. Plaintiff realleges paragraphs 1 through 71, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

73. By virtue of the foregoing, Defendants, including but not limited to representatives of the LASD, the Department of Mental Health and Medical Services Bureau knew or had reason to know that Steven Thach needed intensive medical care and that he had serious and obvious mental and medical conditions that put the staff on notice that he should have had his medical and mental condition closely monitored, going forward from January 12, 2018; that he should have been prevented from unsupervised and unrestrained access; that on or before January 1, 2018 he needed immediate medical care and was not given such care. The failure to provide immediate medical care and mental health care, where his health and mental condition were deteriorating, proximately caused his suicide.

### SIXTH CLAIM FOR RELIEF

**VIOLATION OF AMERICANS WITH DISABILITY ACT (ADA)**

**TITLE II, 42 U.S.C. §12101 et seq., THE REHABILITATION ACT, 29 U.S.C.**

**§794, AND CALIFORNIA UNRUH ACT, CAL. CIVIL CODE §§51, et seq.**

**(Against All Defendants and Defendant COUNTY)**

74. Plaintiffs reallege paragraphs 1 through 73, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

75. Steven Thach was a "qualified individual," with a mental impairment that substantially limited his ability to care for himself and control his mental, medical or physical health condition as defined under the Americans with Disabilities Act (ADA) TITLE II, 42 U.S.C. §12131 (2), under Section 504 of the Rehabilitation Act of 1973 (RH), 29 U.S.C. §794 and Cal. Civ. Code §51, et seq., and qualified as an individual with a disability under California law, and he met the essential eligibility requirements of the County of Los Angeles' and Los Angeles Sheriff's Departments' programs to provide mental/medical health services for its inmate patients in the Los Angeles Sheriff's Department. Further, the Sheriff's Department had signed an agreement with the U.S. Department of Justice to ensure that the mentally ill in the jails received indicated and required psychiatric care and treatment, that they would be protected from self-harm through suicide.

76. Defendant Los Angeles COUNTY and its jails and mental health services are a place of public accommodation and a covered entity for purposes of enforcement of the ADA, 42 U.S.C. §12131 (2), under Section 504 of the Rehabilitation Act of 1973, and Cal. Civ. Code §51, seq., explicated by the regulations promulgated under each of the laws.

77. Defendant Los Angeles County mental health services "engaged in the business of . . . health care," custody for persons whose "operations" fall within the definition of "program or activity" covered by the Rehabilitation Act, 29 U.S.C. Section 794(b).

78. Under the ADA, Los Angeles County is mandated to "develop an effective, integrated, comprehensive system for the delivery of all the service to persons with mental disabilities and developmental disabilities . . ." and to ensure "that the personal and civil rights" of persons who are receiving services under its aegis are protected.

79.   Congress enacted the ADA upon a finding, among other things, that "society forms has tended to isolate and segregate individuals with disabilities' and that such forms of discrimination continue to be a "serious and pervasive social problems." 42 U.S.C. §12101 (a)(2).

80. Los Angeles COUNTY is mandated under the ADA, "not to discriminate against any qualified individual on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. §12182 (a).

81. Defendant Los Angeles COUNTY receives federal financial assistance for their jails, and therefore must comply with the mandates of the Rehabilitation Act, §504, which specifies that "program or activity" means all the operations of. . . . A department, agency, special purpose district, or other instrumentality of a State or of a local government.

82. Defendant Los Angeles COUNTY and other Defendants violated the ADA and the RA and Cal. Civ. Code §51, et seq., and deprived Steven Thach and Plaintiffs of their federally and state protected rights by: (a) creating and maintaining a number of programs and services to protect the mentally disabled that operate in conjunction with Los Angeles COUNTY's jails; (b) failing to provide services or accommodate Steven Thach with access to the programs and services of Los Angeles COUNTY'S designated

mental health facilities within Los Angeles County Jails for persons who qualify for access and services under California and federal law; (c) failing to provide services or accommodate Steven Thach as indicated and with appropriate classification, housing and monitoring for a person in their sole and exclusive custody who they knew was mentally disabled; (d) failing to provide reasonable accommodations to people in custody with mental disabilities at their jails, and providing instead quality of care and service that is different, separate, and worse than the service provided to other individuals with the same disabilities; (e) failing to properly train its deputies, medical and mental health staff employees and officers on how to peacefully respond, treat, and interact with disabled persons, such as Steven Thach; and (f) failing to comply with the U.S. Department of Justice requirements regarding care, treatment and security to persons with mental disabilities, resulting in discrimination against Steven Thach, under the ADA and RA.

83. Steven Thach was denied the benefits of the services, programs, and activities of Los Angeles COUNTY which deprived him of mental health and medical health programs and services which would have been provided the delivery of treatment, follow-up, and supervision. This denial of programs and services was the result of his disability in that he was discriminated against because he was mentally ill and "gravely disabled," in that he suffered from conditions in which a person, as a result of a mental disorder, is unable to provide for his basic personal needs and to protect himself from self-harm. Defendants' failure to train their employees, and the denial of mental and medical health care, treatment, follow-up, training, supervision was result in the violation of Plaintiffs' constitutional rights.

84. As a legal result of the acts and misconduct of the Defendants and each Defendant complained of herein, Steven Thach died and Plaintiffs have suffered, are now suffering and will continue to suffer damages as alleged herein.

## **PRAYER FOR RELIEF**

1.    General and compensatory damages in an amount according to proof;

2.    Special damages in an amount according to proof;

3.    Exemplary and punitive damages against each Defendant, except the COUNTY OF LOS ANGELES, in an amount according to proof;

4.    Costs of suit, including attorneys' fees, under 42 U.S.C. §1988, California Code of Civil Procedure §1021.5 and any other applicable provision of law; and,

5.    Such other relief as may be warranted or as is just and proper.

Respectfully submitted,

DATED: December 27, 2018          LAW OFFICES OF ROBIN D. PERRY

By

ROBIN D. PERRY, Attorney
for Plaintiff Steven Thach

## **JURY DEMAND**

Trial by jury of all issues is demanded.

DATED: December 27, 2018          LAW OFFICES OF ROBIN D. PERRY

By

ROBIN D. PERRY, Attorney
for Plaintiff Steven Thach