Jon F. Monroy, SBN 51175
Jennifer E. Gysler, SBN 143449
MONROY, AVERBUCK & GYSLER
32123 Lindero Canyon Road, Ste 301
Westlake Village, CA 91361
(818) 889-0661 Fax (818) 889-0667

Attorneys for COUNTY OF LOS ANGELES,
SHERIFF ALEX VILLANUEVA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SITHA THACH AND MEINCHANNY MEM, SUCCESSORS IN INTEREST TO STEVEN THACH, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, SHERIFF JIM MCDONALD, SHERIFF ALEX VILLANUEVA, COUNTY OF LOS ANGELES DEPARTMENT OF MENTAL HEALTH DIRECTOR JONATHAN E. SHERIN, M.D. Ph.D., CURLEY BONDS, M.D., GUL M. EBRAHIM, M.D. AND DOES 1-10, INCLUSIVE, <br><br> Defendants | Case No.: 2:18CV10702 R AFM <br><br> MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES <br><br> DATE: March 18, 2019 <br> TIME: 10:00am <br> DEPT.: 880 Roybal Building <br><br> [A conference of counsel required per L.R. 7-3, occurred on February 8, 2019]. |

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 18, 2019 at 10:00am, or as soon thereafter as this matter may be heard in Department 880 of the above-entitled

Motion to Strike - 1

Court, located at 255 E. Temple St., Los Angeles, CA 90012, Defendant COUNTY OF LOS ANGELES, will move this Court for an Order striking portions of Plaintiffs' Complaint, which inappropriate references a settlement agreement / MOU between the County and the DOJ, because it is immaterial, impertinent and contrary to law. This motion is made pursuant to <u>Federal Rule of Civil Procedure</u>, <u>Rule</u> 12(f), and is based upon this notice, the attached memorandum of points and authorities, any and all pleadings and documents on file herein, and upon such further oral and/or documentary evidence as may be presented at or before the hearing on this matter.

DATED: February 12, 2019     MONROY, AVERBUCK & GYSLER

                     *Jennifer E. Gysler* .
                     JENNIFER E. GYSLER
                     Attorneys for Defendant
                     COUNTY OF LOS ANGELES

# SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION.

This lawsuit arises out of the death of Steven Thach, an inmate at the Men's Central Jail. Plaintiffs are the heirs of decedent. They allege he committed suicide at the jail and that defendants acted with deliberate indifference to the decedent's "reasonable security" and did not provide him with sufficient mental health care treatment.

Plaintiffs alleges six causes of action as follows: (1) Deprivation of Civil Rights, 42 USC Section 1983, Wrongful Death, (2) Deprivation of Civil Rights, 42 USC Section 1983 Monell Violations, (3) Deprivation of Civil Rights 42 USC Section 1983; (4) Negligence; (5) Violation of Government Code Section 845.6 – Failure to Provide Immediate Medical Care; and (6) Violation of the ADA, 42 USC Section 12101 and California Unruh Act, Civil Code, Section 51. The defendants are the County, the former and current sheriffs, the DMH Director, Dr. Sherin, as well as Dr. Bonds and Dr. Ebrahim.

In addition to factual allegations, plaintiffs' complaint includes specific references to a prior Memorandum of Understanding between the County and the United States regard mental health services at the jail, quoting liberally from the MOU. Plaintiffs also quote and make reference to, correspondence from the DOJ to the County expressing the DOJ's opinion about these issues, and lastly reference

the settlement agreement entered into between the County and the DOJ relative to improving mental health programs in the jail. These references appear in the Complaint at paragraphs 27, 28, 29, 30, 31, 32, 33, 36 and "v", at pages 9 through 15 of the Complaint. [See RJN, Exhibit A, Complaint]. Clearly, plaintiffs are basing their case, at least in part, on the negative reviews by the DOJ and the language from the settlement agreement between the DOJ and the County.

However, the settlement agreement referenced above, which was signed as an Order by Judge Pregerson, in USA v. County of Los Angeles, Case No. 2:15CV05903 DDP JEM, contains provisions which prohibit its use in any civil, criminal or administrative matter. Further, it specifically states it cannot be used to establish a pattern or practice for liability purposes. By its terms, this settlement agreement / order, and the like, cannot be used as a basis for liability, and should therefor be stricken.

Defendant seeks relief, as specified below.

## 2. DEFENDANT MAY MOVE TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT.

Pursuant to Federal Rules of Civil Procedure, Rule 12(f), "Upon motion made by a party before responding to a pleading…the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." 'The rationale behind granting motions to

strike is to "avoid . . . prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegation any unnecessary notoriety." 5A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1382, at 715 (2d ed. 1990). An allegation is "impertinent" when it is irrelevant and could not be put into evidence between the parties. *See* 2A Moore's Federal Practice, ¶ 12.21[1].

…Grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed. *See id.* at 1528. Similar to a motion for judgment on the pleadings, the court, in considering a motion to strike, views the challenged pleadings in the light most favorable to the plaintiffs. *See Hoeft v. Tucson Unified School Dist*, 967 F.2d 1298, 1301 (9th Cir. 1992) (regarding judgment on the pleadings). *Wailua Associates v. Aetna Cas. Sur. Co.*, 183 F.R.D. 550, 553-54 (D. Haw. 1998)

**3. THE SETTLEMENT AGREEMENT / ORDER IN USA V. COUNTY, AND RELATED DOJ MATTERS, CANNOT BE USED AGAINST THE COUNTY DEFENDANTS IN THIS LAWSUIT AND SHOULD BE STRICKEN.**

The settlement agreement which was filed in the action of <u>USA v. County of Los Angeles</u>, Case No. 2:15CV05903 DDP JEM, contains provisions which prohibit its use in other civil, criminal or administrative matters. [See RJN, Exhibit B]. For example, in paragraph 14 of Exhibit B, it

states "*Except to enforce, modify, or terminate this agreement, this agreement, and any findings made to effectuate this Agreement, will not be admissible against either the County or the Sheriff in any court for any purpose.  Moreover, this Agreement is not an admission of any liability on the part of the County or the Sheriff, and/or either of its employees, agents and former employees and agents, or any other persons, and will not constitute evidence of any pattern or practice of wrongdoing*."   Paragraph 108 states that "*This Agreement is only enforceable by the Parties.  No person or entity is intended to be a third-party beneficiary of the provisions of this Agreement for purposes of any civil, criminal, or administrative action, and accordingly, no person or entity may assert any claim or right as a beneficiary or protected class under this Agreement*."  Lastly, paragraph 125 states in part "*…Any admission made for purposes of this Agreement is not admissible if presented by third parties in another proceeding*."  [See RJN, Exhibit B].

Based on the foregoing, the plaintiff will be precluded from using the settlement agreement and any information which forms the basis for the agreement, in this action. Accordingly, those portions of the complaint which reference this should be stricken.

**4. CONCLUSION.**

Based on the foregoing, the County of Los Angeles respectfully requests this Court grant the instant motion and strike paragraphs 27, 28, 29, 30, 31, 32, 33, 34, 35, 36 and "v", at pages 9 through 15 of the Complaint [9:13-15:19].

DATED: February 12, 2019          MONROY, AVERBUCK & GYSLER

                                          *Jennifer E. Gysler*     .
                                          JON F. MONROY
                                          JENNIFER E. GYSLER
                                          Attorneys for Defendant
                                          COUNTY OF LOS ANGELES

**PROOF OF SERVICE**
**STATE OF CALIFORNIA – COUNTY OF LOS ANGELES**
**CCP 1013(A)**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 32123 Lindero Canyon Road, Suite 301, Westlake Village, CA 91361.

On February 12, 2019, I caused to be served the foregoing document described as on the interested parties in this action as follows:

NOTICE OF AND MOTION TO STRIKE

[ ] **By telecopier:** By transmitting an accurate copy via telecopy to the person and telephone number as follows:

[ x] by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelopes addressed as follows:

Robin D. Perry
Law Offices of Robin D. Perry & Associates
[served per the ECF filing system]

[ ] **BY MAIL:**
[ ]     I deposited such envelope in the mail at Westlake Village, California. The envelope was mailed with postage thereon fully prepaid.
[ ]     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Westlake Village, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[x ]    **BY EMAIL**
[ ]     **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand, to addressee or offices of addressee.
[X]    **(STATE)**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
[ ]    **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

**Executed on February 12, 2019, at Westlake Village, California.**

Jennifer Gysler          Jennifer Gysler_____.

Motion to Strike - 8